UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Jane Doe** | : | 3:21 CV 757 (XXX) |
| | : | |
| **v.** | : | |
| | : | |
| **Michael McClaine** | : | |
| **John Napoleone** | : | |
| **Steven Figueroa** | : | |
| **Mark Lauretti** | : | |
| **Shawn Sequeira** | : | |
| **City o Shelton, CT** | : | June 1, 2021 |

# COMPLAINT

**COUNT ONE**         **42 U.S.C. Section 1983**

1. Shelton Police Officers Michael McClain and John Napoleone failed to properly investigate a 911 call of domestic violence committed by Bridgeport Police Officer Steven Figueroa who was suspended from his department for multiple prior domestic violence incidents. Their conduct caused severe physical injuries and emotional distress to the Plaintiff Jane Doe.

2. This is an action for money damages to redress the deprivation by Defendants Michael McClaine and John Napoleone of rights secured to the Plaintiff to be free from the denial of substantive due process rights afforded by the Constitution and laws of the United States and the State of Connecticut.

3. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343, and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United

States Code, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Connecticut.

4. During all times mentioned in this action, Plaintiff Jane Doe was and still is a resident of Ansonia, Connecticut.

5. Defendant Michael McClain, during all times mentioned in this action, was a duly appointed officer in the Shelton Police Department, acting in his official capacity. He is sued, however, only in his individual capacity.

6. Defendant John Napoleone, during all times mentioned in this action, was a duly appointed officer in the Shelton Police Department, acting in his official capacity. He is sued, however, only in his individual capacity.

7. Defendants Napoleone and McClain, during all times mentioned in this action, acted under color of law of the United States and State of Connecticut Constitutions and Statutes, and the laws, charter, ordinances, policies, rules, regulations, customs, and usages of the State of Connecticut and the City of Shelton, CT.

8. The defendants had a statutory affirmative, non-discretionary duty to arrest a person suspected of committing a domestic violence crime, and to comply with C.G.S. Section 46b-38b, and Shelton Police policy, and a duty to protect the plaintiff, and failed to do so.

9. Defendants McClain and Napoleone had a statutory duty to provide immediate assistance to a domestic violence victim.

10. On June 26, 2019, Jodi LoDolce notified the Shelton Police that she and

her daughter heard a loud fight from the apartment directly above her, occupied by Defendant Figueroa.

11. Ms. LoDolce reported that she distinctly heard sounds of domestic abuse and heard a woman screaming and crying, and also heard sounds that led her to believe that a woman had been thrown to the ground several times.

12. Defendants McClain and Napoleone responded to the domestic abuse complaint made by Jodi LoDolce, a neighbor of Defendant Steven Figueroa, and when no one answered the door they failed to conduct any further investigation into the domestic violence complaint.

13. On June 29, 2021, Shelton Detective Hubyk received a complaint from Plaintiff Jane Doe who relayed that before the arrival of Defendants McClain and Napoleone at Figueroa's apartment, she had been physically assaulted by Defendant Figueroa, a City of Bridgeport Police officer.

14. Defendant Figueroa had struck her in the face and head, and dragged her from one room to another.

15. Upon Defendants McClain and Napoleone's arrival, Defendant Figueroa covered Jane Doe's mouth and warned her to keep quiet..

16. Defendants McClain and Napoleone knew or should have known that two Bridgeport Police Officers resided in the apartment, knew or should have known that one of the residents, Steven Figueroa, had been arrested on four previous occasions for domestic violence, had been placed on

administrative leave from the Bridgeport Police Department, and had his firearms seized.

17. After Defendants Napoleone and McClain failed to further investigate and left, Defendant Figueroa continued to restrain the plaintiff, pulled her pants down, and sexually assaulted her.

18. During the sexual assault Jane Doe was crying, and repeatedly pleaded with him to stop and let her go home.

19. Defendant Figueroa threatened to kill Jane Doe if she made a complaint about the assault, and directed her to tell people that injuries he inflicted on her were sustained during her move.

20. Detective Hubyk photographically documented Jane Doe's injuries and facilitated a sexual assault examination by medical personnel.

21. Following Detective Hubyk's investigation, Defendant Figueroa was arrested and charged with Sexual Assault in the First Degree, in violation of C.G.S. Section 53a-70, Unlawful Restraint in the Second Degree, in violation of C.G.S. Section 53a-96, and other crimes.

22. Defendants McClain and Napoleone knew or should have known that the neighbor's complaint of hearing violent acts, including a woman being thrown to the ground several times, could not have come from a television.

23. Defendants McClain and Napoleone were mandated and had a statutory duty to thoroughly investigate the incident and failed to do so.

24. Defendant McClain and Napoleone's actions constituted a dereliction of duty causing further harm to the Plaintiff.

25. The actions of the Defendants McClain and Napoleone shocks the conscience.

26. The Plaintiff Jane Doe was a foreseeable victim, and the scope of foreseeable risk was created by the Defendant officers' actions.

27. The subsequent physical and sexual assault to the Plaintiff would not have occurred if the officer's conducted a reasonable investigation into such complaint.

28. Defendants Napoleone and McClain's failure to perform their duty of taking reasonable measures to protect persons whom they know may be victims of domestic violence denied the plaintiff of equal protection of the law.

29. Defendants City officials and Defendant police officers have an affirmative duty to preserve law and order and protect the personal safety of persons in the community. Defendants Napoleone and McClain knew that a witness heard acts of violence and sounds indicative of a serious domestic assault and were under an affirmative duty to take reasonable measures to protect the personal safety of such persons in the community. Failure to perform this duty constitutes a denial of equal protection of the laws.

30. As a result of the conduct of Defendant Figueroa, the Plaintiff experienced extreme pain and suffering.

31. The Defendants' actions were unjustified and unlawful.

32. The Defendants should have known that physical injuries and emotional distress were the likely result of their conduct.

33. As a consequence of the Defendants' actions, the Plaintiff suffered significant pain, anxiety, and emotional distress.

34. In the manner described above, the Plaintiff's injuries were the direct and proximate result of the Defendants' negligence.

35. As a direct and proximate result of the actions of the Defendants, as described herein, the Plaintiff suffered physical injury and severe emotional distress.

36. The Plaintiff's distress was foreseeable, and severe enough to cause bodily harm and emotional distress.

37. Defendants McClain and Napoleone failed to follow the Shelton Police Department's domestic violence policies and protocol in accordance with C.G.S. Section 46b-38b(g).

38. Defendants McClain and Napoleone's actions disregarded the apparent and imminent harm to the Plaintiff, and their conduct was likely to result in harm.

39. Defendants McClain and Napoleone's wantonness was the proximate cause of the Plaintiff's injuries.

40.  Defendant Figueroa's excessive, brutal, malicious and unlawful conduct resulted in extensive bruising, severe physical pain and emotional distress to the Plaintiff.

41.  As a result of the conduct of the Defendant Napoleone and McClain, the Plaintiff sustained damages.

## COUNT TWO

### 42 U.S.C. 1983 MONELL CLAIMS FOR FAILURE TO TRAIN AND SUPERVISE

1-41.  Plaintiff repeats and realleges each allegation contained in paragraphs 1-41 of Count One with the same force and effect as if fully set forth herein.

42.  During all times mentioned in this action, Defendant Mark Lauretti was, and still is, the Mayor of the City of Shelton, and employed by the City of Shelton.

43.  Defendant Lauretti is the chief policy maker and decision-maker of the City of Shelton and is also the chairman of the Public Safety Council.

44.  The charter of the City of Shelton provides that the Public Safety Council is responsible for the general management and controls the affairs of the Shelton Police Department.

45.  During all times mentioned in this action, Defendant Shawn Sequeira was Chief of the Police Department, employed by the City of Shelton. He is the policy maker and decision maker of the Shelton Police

Department, and responsible for the control and management of his subordinates.

46. Defendant City of Shelton was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Connecticut.

47. Defendant City of Shelton maintains the Shelton Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per applicable sections of the Connecticut General Statutes and charter provisions of the City of Shelton, acting under the direction and supervision of the aforementioned municipal corporation, City of Shelton.

48. The acts of the individual Defendants Napoleone and McClain were performed while acting within the scope of their employment with the Defendant City of Shelton and they acted jointly and in concert with each other.

49. The Defendants acted in furtherance of their employment with the Defendant City of Shelton.

50. Defendants McClain, Napoleone, Sequeira and Lauretti had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants, but each individual Defendant failed, refused, and neglected to perform such duty, to Plaintiff's detriment, thereby proximately causing the Plaintiff's injuries.

51. The individual Defendants are sued in their individual capacities.

52. Defendants McClain, Napoleone, Sequeira and Lauretti knew or should have known that their failure to act, adequately train, supervise and/or discipline the Defendant Officers would result in harm to the Plaintiff.

53. Upon information and belief, Defendants City of Shelton, Lauretti and Sequeira failed to comply with training requirements of C.G.S. Section 7-294g.

54. Upon information and belief, the supervisory Defendants failed to have adequate procedures in place or implement existing procedures to prevent the repeated misconduct of Defendant Napoleone.

55. Defendants Mayor Lauretti and Chief Sequeira had actual knowledge of Defendant Napoleone's prior misconduct and failed to take adequate measures to ensure that they did not deprive the Plaintiff of her constitutional rights.

56. If the supervisory Defendants, identified above, had not acted with deliberate indifference to the constitutional rights of the Plaintiff and the public at large; if they had, instead, properly trained, supervised, monitored, disciplined, investigated and reviewed the conduct of Defendant Napoleone in a timely and effective manner, there is a substantial likelihood that Plaintiff would not have been physically and sexually assaulted.

57. Defendant Chief Sequeira, the highest policy and decision maker of the Shelton Police Department, stated on or about July 22, 2020, that Defendants Napoleone and McClain's lack of action and communication led to further harm to the Plaintiff, including her subsequent sexual assault.

58. Defendants Lauretti and Sequeira were aware of Defendant McClain's multiple prior instances of misconduct, including a failure to respond to a call when requested.

**Count Three:**     **Negligent Infliction of Emotional Distress**

1-41. Paragraphs one through forty-one of Count One are hereby incorporated as paragraphs one through forty-one of Count Three.

42. Defendant Steven Figueroa, during all times mentioned in this action, was a resident of Shelton, CT.

43. The Defendants' conduct created an unreasonable risk of causing severe emotional distress.

44. In the manner described above, the injuries to Plaintiff were the direct and proximate result of the negligent actions of the Defendants.

45. The actions of the Defendants constituted negligent infliction of emotional distress upon Plaintiff.

46. The Defendants knew or should have known that emotional distress was the likely result of such conduct.

47. In the manner described above, the injuries to the Plaintiff were the direct and proximate result of the intentional actions of the Defendants.

48. As a result of the conduct of Defendants Figueroa, Napoleone and McClaine, the Plaintiff sustained injuries and damages.

**Count Four           Assault**

1-41. Paragraphs one through forty-one of Count One are hereby incorporated as paragraphs one through forty-one of Count Four.

42. Defendant Figueroa intended to cause the plaintiff immediate apprehension of harmful or offensive bodily contact and had the apparent ability to complete the act.

**Count Five           Battery**

1-41. Paragraphs one through forty-one of Count One are hereby incorporated as paragraphs one through forty-one of Count Five.

42. Defendant Figueroa intended to cause harmful or offensive contact with the Plaintiff and harmful and offensive contact directly resulted.

**Count Six            Negligence**

1-41. Paragraphs one through forty-one of Count One are hereby incorporated as paragraphs one through forty-one of Count Six.

42. Defendants Napoleone and McClain had a legal duty to protect the Plaintiff and breached that duty.

43. As a result of the negligent conduct of Defendants Napoleone and McClain the Plaintiff sustained injury and damages.

Plaintiff, Jane Doe

By Her Attorneys


*/s/  Robert Berke*

_____

Robert M. Berke
Law Office of Robert Berke, LLC
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net



*/s/  Audrey Felsen*

_____

Audrey A. Felsen
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT  06905
203-327-1500 (o)
203-327-7660 (f)
Ct Bar No. 20891
afelsen@aol.com

## **JURY DEMAND**

The plaintiff requests a trial by jury.

                                             Plaintiff, Jane Doe

                                             By Her Attorneys

                                         */s/   Robert Berke*
                                         _____
                                         Robert M. Berke
                                         640 Clinton Avenue
                                         Shelton, CT 06606
                                         203 332-6000
                                         203 332-0661 fax
                                         Bar No. 22117
                                         robertberke@optonline.net

*/s/  Audrey Felsen*

_____
Audrey A. Felsen
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT  06905
203-327-1500 (o)
203-327-7660 (f)
Ct Bar No.    20891
afelsen@aol.com

Wherefore, the plaintiff claims:

    a) Compensatory damages;

    b) Punitive damages;

    c) Attorney's fees;

    e) Such other relief as deemed fair and equitable.

By Her Attorneys

*/s/    Robert Berke*

_____

Robert M. Berke
640 Clinton Avenue
Shelton, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

*/s/  Audrey Felsen*

_____

Audrey A. Felsen
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT  06905
203-327-1500 (o)
203-327-7660 (f)
Ct Bar No.    20891
afelsen@aol.com